UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QEMP, INC. dba KELKOM,<br><br>Plaintiff,<br><br>v.<br><br>GEEKLAND USA LLC; SIBO CORP.,<br><br>Defendants. | No.  2:20-CV-02013-MCE-JDP<br><br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Qemp, Inc. ("Plaintiff") seeks relief from Defendants Geekland USA LLC ("Geekland") and Sibo Corp. ("Sibo") (collectively "Defendants") arising from a business agreement between the parties.  Specifically, Plaintiff alleges four causes of action against Defendants: breach of contract, breach of implied covenant of good faith and dealing, fraud, and negligent misrepresentation.  Presently before the Court is Geekland's Motion to Dismiss, or in the alternative, Motion to Change Venue.[1]  ECF No. 5.  In opposition, Plaintiff argues, among other things, that it should be afforded leave to amend to address any jurisdictional defects.  ECF. No. 8.  For the reasons set forth below, Plaintiff's request for leave to amend is GRANTED and Defendant's Motion is DENIED as moot.[2]

---

[1] Sibo has not yet appeared in this action.
[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).  Min. Order, Dec. 22, 2020, ECF. No. 6.

1

# BACKGROUND[3]

Plaintiff is a Delaware Corporation doing business in Sacramento County, California.  Plaintiff alleges that Defendant Geekland is a limited liability organization organized and existing in California, doing business in Sacramento County, California.  Defendant Sibo is a foreign corporation doing business in Sacramento County, California.  Defendants have a longstanding business relationship.

According to Plaintiff, in or about 2016, it entered an agreement with a Defendant[4] to provide technology for a product Plaintiff was developing.  Plaintiff purchased products from Defendant between 2016-2019.  Many of those products purportedly failed, and Defendant refused to provide effective repair or replacement.  Plaintiff was nonetheless still liable to its clients for the products, and it lost future sales and suffered damage to its reputation.  It thus initiated this action that Defendants' now move to dismiss.  Because the Court finds Plaintiff's request for leave to amend persuasive, it addresses only that argument below.[5]

# ANALYSIS

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure,[6] which provides that "[t]he court should freely give leave [to amend] when

---

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's Complaint.  This Court acknowledges that some of these assertions may be in dispute.

[4] Plaintiff's Complaint lists two defendants: Geekland and Sibo.  However, the listed causes of action include allegations against a non-descript "Defendant."  Plaintiff is advised to clarify in its amended pleading which Defendant is subject to which allegations and to utilize the term "Defendants" if referring to both.

[5] Plaintiff's decision to not file this as a separate motion for leave to amend is acceptable.  See, e.g., Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

[6] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

justice so requires." FED. R. CIV. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause" and obtain the judge's consent. FED. R. CIV. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

If good cause is shown, the party must then demonstrate that the amendment is proper under Rule 15. See id. at 608 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C.1987)); accord Adams v. City of Indianapolis, 742 F.3d 720, 733-34 (7th Cir. 2014); Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003). Under Rule 15(a), leave to amend "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011).

### A.     Rule 16

Because the Court already issued an Initial Pretrial Scheduling Order pursuant to Rule 16, that rule's "good cause" standard applies. Plaintiff was diligent in seeking amendment, making its request once it was on notice of Geekland's pending arguments and when this case was in its infancy. Moreover, Plaintiff acknowledges that the original Complaint may have included "inartful pleading" and assures this Court that it will provide an adequate factual basis to demonstrate subject matter jurisdiction under 28 U.S.C. § 1332(a). The alleged existence of a business agreement spanning several years would tend to suggest that Plaintiff can plausibly reach the required amount in

controversy. Plaintiff additionally provides sufficient facts indicating it may be able to establish personal jurisdiction. Opp'n at 2-3. Finally, Plaintiff avers that it may be able to "more clearly plead its claims.". Opp'n at 3-4; see FED. R. CIV. P. 8(a)(2).

While the focus of this analysis is on Plaintiff, the risk of prejudice to Defendant Geekland also supports a finding of good cause. See Johnson, 975 F.2d at 609. Here, the risk of prejudice is low. Granting Plaintiff leave to amend does not remove Defendant Geekland's ability to renew its current arguments regarding possible defects – e.g., lack of subject matter and personal jurisdiction – at a later time. This Court is also influenced by the fact that this case, as indicated, was only filed in October 2020, and remains in the early stages of litigation. Accordingly, Plaintiff has adequately demonstrated good cause under Rule 16(b).

**B.    Rule 15**

Because good cause has been shown, the Court must evaluate Plaintiff's request to amend the Complaint in light of Rule 15. See Johnson, 975 F.2d at 608. The decision to grant leave to amend is within the discretion of the district court. Leadsinger, Inc. v. BMG Music Publ'g., 512 F.3d 522, 532 (9th Cir.2008).

Defendant Geekland avers that Plaintiff has failed to demonstrate in good faith that the amount in controversy exceeds $75,000 and accurately notes that Plaintiff has not provided an amount in controversy to date. Reply at 2. It further contends that Plaintiff has not established personal jurisdiction. Reply at 2. However, while perhaps an error in pleading, there is no demonstration of bad faith, undue delay, futility, or undue prejudice. For example, this Court does not have sufficient facts to determine that allowing leave to amend would be futile in reaching the required amount in controversy. Regardless, as noted above, Defendant Geekland retains the ability to make this argument, if applicable, following the filing of an amended complaint.

Defendant Geekland further contends that Plaintiff failed to demonstrate that this Court has personal jurisdiction over Defendant and that it has chosen and improper forum. The Court applies the same standard of bad faith, undue delay, futility, or undue

4

prejudice, and concludes none of these preclude amendment. On this record the Court cannot find that Plaintiff is wholly unable to establish the propriety of pursuing this action in this forum. Because it appears Plaintiff may be able to plead a set of facts sufficient to establish subject matter jurisdiction, personal jurisdiction, proper forum, and the alleged causes of action, Plaintiff will be afforded the opportunity to amend its complaint. This is in keeping with Rule 15(a)(2)'s mandate to "freely give leave when justice so requires." Plaintiff's request is therefore GRANTED.

## CONCLUSION

For the reasons set forth above, Plaintiff's request to amend the complaint is GRANTED. Opp'n, ECF No. 8. Defendant Geekland's Motion to Dismiss is DENIED as moot. Mot. to Dismiss, ECF No. 5. Plaintiff shall file a First Amended Complaint within twenty (20) days from the date of this memorandum and order is electronically filed. If no amended complaint is timely filed, this action will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) upon no further notice to the parties.

IT IS SO ORDERED.

Dated: March 3, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE