UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QEMQ, INC. d/b/a KELKOM,<br><br>Plaintiff,<br><br>v.<br><br>GEEKLAND USA LLC,<br><br>Defendant. | No. 2:20-cv-02013-MCE-JDP<br><br><br><br>**ORDER** |

Through this action, Plaintiff Qemq, Inc. ("Plaintiff") seeks relief from Defendant Geekland USA LLC ("Defendant") arising from a business agreement between the parties. Defendant previously filed a Motion to Dismiss, or in the alternative, Motion to Change Venue, and Plaintiff requested leave to amend to address any jurisdictional defects. ECF Nos. 5, 8. This Court granted Plaintiff's request for leave to amend and denied Defendant's Motion as moot. ECF No. 11. On March 23, 2021, Plaintiff filed a First Amended Complaint ("FAC"), with federal jurisdiction premised on diversity of citizenship. ECF No. 13. Presently before the Court is Defendant's Amended Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to Transfer Venue, which has been fully briefed.[1]  ECF Nos. 15, 17, 18.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant.  28 U.S.C. § 1332(a)(1); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Although the parties do not dispute whether there is complete diversity between them, there is nonetheless a discrepancy between the pleadings.  The FAC alleges that Plaintiff is a "Delaware corporation doing business in Sacramento County, California," whereas Defendant is a "limited liability corporation of unknown origin, duly organized and existing in the State of California, doing business in Sacramento County, California."  FAC ¶¶ 1–2.  However, according to the declaration from Defendant's chief executive officer and owner, as well as a record from the Georgia Secretary of State website, Defendant is a Georgia-based company. See Ex. A, Gudipalley Decl., ECF No. 15-2, at 5.

There are two issues, the first one being that Plaintiff's allegations in the FAC that Plaintiff and Defendant do business in California suggest that complete diversity may be lacking.  Second, for purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citations omitted).  Both Plaintiff and Defendant have provided insufficient information to establish Defendant's citizenship, as the Court must know the citizenship of its member(s) and not its principal place of business or state of incorporation.

Next, to satisfy jurisdiction based on diversity of citizenship, the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332.  If the amount is unclear, the party invoking jurisdiction must demonstrate, by a preponderance of the evidence, that the jurisdictional threshold is in fact met.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004) (citing Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)); see Gaus v. Miles Inc., 980 F.2d 564, 567 (9th Cir. 1992) (holding the plaintiff's conclusory request for the jurisdictional requirement was insufficient because the plaintiff "offered no facts whatsoever to support the court's jurisdiction").  If it appears with "legal certainty" that the amount in controversy is less than $75,000, the

court must dismiss the case.  St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 289 (1938).

Here, Plaintiff's FAC only alleges that its "damages/losses/claims are well in excess of $75,000" and that it has suffered general and special damages "in an amount within the jurisdictional limit of this Court."  FAC ¶¶ 7, 13, 16, 20, 27.  No specific amount is stated in Plaintiff's Prayer for Relief, which lists general and special damages, pre-judgment interest, punitive damages, attorneys' fees, and reasonable costs of suit.  Id. at 7.  Because it is not facially apparent from the FAC that the amount in controversy exceeds $75,000, Plaintiff has the burden of demonstrating otherwise.  See Valdez, 372 F.3d at 1118.  However, Plaintiff has not provided any evidence whatsoever whereas Defendant has provided a declaration and exhibits in support of its argument that the amount in controversy requirement is not satisfied.  See generally Gudipalley Decl., ECF No. 15-2 (declaration from Defendant's chief executive officer and owner) (stating that, between 2016 and 2019, "Plaintiff purchased $58,014 worth of Android equipment from [Defendant], through 15 purchase orders," and that "Plaintiff still owes [Defendant] $10,980 to date," having only paid $47,034).

Plaintiff contends in its Opposition brief that Defendant improperly relies on "materials outside the pleadings, specifically the Declaration of Chandu Gudipalley, with exhibits attached," and that if the Court does not exclude those materials, Defendant's Motion should be treated as one for summary judgment.  Pl.'s Opp'n at 1–2.  However, in determining whether subject matter jurisdiction exists, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); see also McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (stating that the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists).

In its prior Order, this Court accepted Plaintiff's assurance "that it will provide an adequate factual basis to demonstrate subject matter jurisdiction under 28 U.S.C.

3

1  § 1332(a)." ECF No. 11, at 3–4 ("The alleged existence of a business agreement
2  spanning several years would tend to suggest that Plaintiff can plausibly reach the
3  required amount in controversy."). Despite this, the FAC only includes conclusory
4  allegations that Plaintiff's damages exceed $75,000, and it is unclear whether the parties
5  are diverse. See FAC ¶¶ 1–2, 7. However, out of an abundance of caution, the Court
6  will allow Plaintiff one final opportunity to establish whether subject matter jurisdiction
7  exists in this case.

   For the reasons set forth above, Defendant's Amended Motion to Dismiss for
Lack of Jurisdiction, ECF No. 15, is GRANTED with final leave to amend. Plaintiff shall
file a Second Amended Complaint within twenty (20) days from the date this Order is
electronically filed. If no amended complaint is timely filed, this action will be dismissed
with prejudice pursuant to Federal Rule of Civil Procedure 41(b) upon no further notice to
the parties.

   IT IS SO ORDERED.

Dated: January 27, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

4